Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re | Chapter 13 |
|---|---|
| PHILIP G. ZWEIG, | Case No. 2-24-bk-07843-DPC |
| | **TRUSTEE'S PRELIMINARY RECOMMENDATION** |
| Debtor. | Deadline is January 23, 2025 |

The Trustee has reviewed the Chapter 13 Plan, Schedules, and Statement of Financial Affairs.

**1) Trustee is not seeking confirmation at this time, debtor must resolve all issues listed below. The Trustee notes the following issues, which must be resolved and an Amended Chapter 13 Plan must be filed.**

2) RTL REO LLC and US Bank (2 separate objections) have filed objections to the Plan. The attorney for the Debtor(s) must notify the Trustee in writing if the objections are resolved or, if they are unresolved, file the appropriate motions to get the Court to hold hearings on the objections. Unless the creditor withdraws the objection or the Court overrules the objection, the creditor or creditor's attorney must endorse the proposed order confirming the plan. If resolution of the objections changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis

with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

3) The proof of claim filed by ADOR differs from the creditor's treatment under the Plan or is not provided for by the Plan. The Trustee has received no notification that the issue has been resolved and the Debtor(s) must resolve the discrepancy before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 14 days after substantive completion of the last objection.

4) According to the Proof of Claim filed by ADOR, the Debtor has failed to file his 2020 through 2023 TPT state tax returns. The Trustee requires the Debtor to immediately file the unfiled returns, and provide a date stamped copy to the Trustee. If the Debtor believes that he has filed the returns or was not required to file the returns, the Debtor and his attorney must work with ADOR to resolve the Proof of Claim issue. The Trustee will not recommend confirmation of the Plan until the Proof of Claim has been amended to show that all tax returns have been filed.

- 2 -

5) Debtor is self employed. Pursuant to Local Rule 2083-2(b)(2), the Debtor is required to file monthly operating statements. Debtor is reminded each monthly statement must be filed no later than the 15th of each month.

6) The Debtor's plan provides that the Debtor will surrender 2015 Ford F-150 to secured creditor Desert Financial Credit Union. If not already done, the Debtor must in fact transfer possession of the collateral to the creditor. The order confirming the plan is to state that the Debtor has transferred possession of or will immediately transfer possession of the 2015 Ford F-150 to Desert Financial Credit Union, the Debtor shall make no post-petition payments to Desert Financial Credit Union on the secured debt, and Desert Financial Credit Union shall accept no post-petition payments from the Debtor on the secured debt.

7) Debtor's schedule J, line 4 does not disclose a monthly mortgage or rental payment. The Trustee requires clarification as to why this is blank. If this was done in error, the debtor must file an amended schedule J to disclose this expense.

8) Debtor's Schedule A, D and Chapter 13 Plan do not disclose and/or treat the following real property:

    a) 301 W. Hartford Rd., Kearny, AZ 85137.

    b) 4438 E. Belleview St., Phoenix, AZ 85008.

    c) 5322 E. Dallas St., Mesa, AZ 85205.

    d) 1933 E. Gemini Pl., Chandler, AZ 85205.

The Trustee will require the schedules to be amended to disclose all real property that is owned by the debtor or his business, RMLJ Holdings 1, LLC. Additionally, the Trustee will require an amended plan be filed to properly treat all of the debtor's real property.

- 3 -

Case 2:24-bk-07843-DPC    Doc 35    Filed 12/13/24    Entered 12/13/24 08:41:45    Desc
Page 3 of 5

PLAN PAYMENT STATUS: The Debtor's interim payments of $1,100.00 each are current through due date November 19, 2024. Subsequent payments are due each following month. The Trustee reminds the Debtor that he or she may access case information from the Trustee's office, such as plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free! And follow the instructions.

SUMMARY: Pursuant to Local Rule 2084-10(b), by January 6, 2025, Debtor is to resolve all of the above issues and file an **Amended Chapter 13 Plan**, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

- 4 -

| | |
|---|---|
| 1 | Copy mailed or emailed to:: |
| 2 | PHILIP G. ZWEIG |
| 3 | P.O. BOX 11804<br>CHANDLER, AZ 85248 |
| 4 | |
| 5 | |
| 6 | LEGALAZ/BUTLER LAW OFFICE<br>MORGAN SEEGMILLER |
| 7 | 432 E. SOUTHERN AVENUE<br>TEMPE, AZ 85282-2674 |
| 8 | ABUTLERAZ@GMAIL.COM<br>MORGAN@LEGALAZ.COM |
| 12 | _____<br>*dsmith@ch13bk.com* |
| 13 | Case Analyst |